**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARBARA COOPER,
Plaintiff-Appellant,

v.                                                             No. 97-1901

AMERICAN AIRLINES, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-96-1838-A)

Argued: April 7, 1998

Decided: May 26, 1998

Before ERVIN and WILKINS, Circuit Judges, and
G. ROSS ANDERSON, JR., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Eric Steele, THE LAW OFFICE OF ERIC STEELE,
Washington, D.C., for Appellant. Weyman Thompson Johnson, Jr.,
PAUL, HASTINGS, JANOFSKY & WALKER, L.L.P., Atlanta,
Georgia, for Appellee. **ON BRIEF:** Melvina C. Ford, THE LAW
OFFICES OF MELVINA C. FORD, Alexandria, Virginia, for Appel-
lant. Stephanie A. Bohm, PAUL, HASTINGS, JANOFSKY &

WALKER, L.L.P., Atlanta, Georgia; Jenny C. Wu, PAUL, HAS-TINGS, JANOFSKY & WALKER, L.L.P., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barbara Cooper appeals an order of the district court dismissing her claims of racial discrimination by her employer, American Airlines, Inc. (American). See 42 U.S.C.A. § 2000e-2(a) (West 1994). Finding no error, we affirm.

I.

Cooper has been employed by American as a flight attendant since 1989. In October 1992, Cooper began wearing her hair in multiple small braids. She subsequently was informed by her supervisor that the braids violated American's grooming policy, which then prohibited "hairstyles consisting completely of braids." J.A. 20 (internal quotation marks omitted). Cooper removed the braids.

After exhausting her administrative remedies, Cooper filed this action in federal district court maintaining that the grooming policy prohibiting braids and a revised policy adopted in 1993* were racially discriminatory in that they disparately impacted black female employees, who were more likely for cultural reasons to wear their hair in braids. Cooper also raised a claim of disparate treatment, alleging that

_____

*The revised policy permitted "fully or partially braided hairstyles, without beads or trim" so long as any loose braids were "secured to the head or at the nape of the neck." J.A. 21 (internal quotation marks omitted).

2

she had been verbally reprimanded for violating the grooming policy, while white employees who violated the policy were not reprimanded.

The district court dismissed the action for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6), reasoning that Cooper's challenge to the grooming policy in effect prior to August 1993 was moot; that the grooming policy adopted in August 1993 did not constitute an unlawful employment practice; and that Cooper had failed to allege a cognizable claim for disparate treatment.

II.

After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly dismissed Cooper's complaint. Accordingly, we affirm.

AFFIRMED